## In re Estate of John Boyer, Deceased.  Appeal of John Boyer et al.

*Will—Life tenant—Remainder-man—Principal and income—Trust.*

Where a fund is given to a trustee to invest and pay the income to a person for life, and after the death of such person to pay the principal to another, any increase in the value of the securities in which the fund is invested accrues to the remainder-man.

Testator gave a fund of $5,000 to a trustee to be invested and to pay the income thereof to Mary Axe; after whose death the fund was to fall into the residue of his estate.  By a codicil he directed as follows: "And the five Thousand Dollars of which Mary Axe receives the interest etc. during her natural life, I give and bequeath after her decease to The Hospital of the Protestant Episcopal Church in Philadelphia, to be paid to the said hospital one year after her decease without interest."  *Held* that any accretion to the value of the fund belonged to the hospital.

Argued Feb. 5, 1896.  Appeal, No. 38, Jan. T., 1896, by John Boyer et al., residuary legatees under will of John Boyer, deceased, from decree of O. C. Montgomery Co., sustaining exceptions to auditor's report.  Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ.  Affirmed.

Exceptions to report of auditor, John W. Bickel, Esq.

The material portion of testator's will was as follows:

"*Second:* I give and bequeath to my said friend Daniel Long-aker, *in Trust* Ten Thousand Dollars, to be by him funded or vested either in one, or two equal sums, in some safe fund, or funds, stock or stocks, mortgage, or other security and pay annually to my nephew John Boyer, and to Mary Axe, (who is now living with me) in equal sums, the interest, dividends, or profits thereof first deducting out of said interest or dividends &c., the cost charges or commission, and the receipt of Mary Axe only whether sole or married shall be a valid discharge of the payment of her part, during their natural lives, respectively:

"And upon the decease of either of them, then the Principal sum of 5000 Dolls., of which such decedent received the interest &c. while living, shall be taken as, and constitute, part of the balance and residue of my estate.— "

O/X Destination altered see Codicil dated Nov. 15, 1864.

The codicil was as follows :

" The Five Thousand Dollars of which my nephew John Boyer receives the interest &c. during his natural life I give & bequeath after his decease to the ' Divinity School of the Protestant Episcopal Church in Philadelphia ' to be paid to the said Divinity School, one year after his decease without interest :— And The Five Thousand Dollars of which Mary Axe receives the interest &c. during her natural life, I give and bequeath after her decease to ' The Hospital of the Protestant Episcopal Church in Philadelphia,' to be paid to the said Hospital one year after her decease without interest, and do hereby revoke my foregoing will, so far as it may interfere with the final destination of the said 10,000 Dollars.—"

Accretions to the value of the fund of $5,000 invested for Mary Axe and the hospital were awarded by the auditor to the residuary legatees.

Exceptions to the auditor's report were sustained by the court. WEAND, J., filing the following opinion :

Notwithstanding the able report of the auditor we are of opinion that he has reached an erroneous conclusion as to the disposition of the fund in dispute. In plain language the proposition may be thus stated. The testator bequeathed $5,000 to a trustee. The interest to be paid to A and after her death the principal to B. The fund passed into the hands of the trustee and from that time it was no longer part of the testator's estate. But two persons were then interested in it, the tenant for life and the remainder-man, and to them alone was the trustee answerable. He held the fund for their use alone. Its increase or decrease affected no one else. The remainder-man could have purchased the life estate and thus become absolute owner of the fund, and surely if this had been done no one after the death of A could have claimed an interest in the accretions. The fallacy of the argument consists in treating the bequest as of the interest to Mary Axe of $5,000 only and to the hospital of only that amount. It was a " fund " that the testator referred to when speaking of " the five thousand dollars " and not of that particular sum. After it had once been separated from the principal of the estate it vested in the two beneficiaries who might suffer if it decreased or be benefited by its increase.

No one questions the right of A to receive the income of the

original amount and its accretions, and for the same reason the remainder-man is entitled to the whole fund after the death of A. This of course is based upon the conclusion that there was no intestacy as to any part of the fund, upon which finding we agree with the auditor.

And now September 16, 1895, the exceptions filed by Holland & Dettra for the heirs at law of the testator are dismissed, and the exceptions filed by the Hospital of the Protestant Episcopal Church in Philadelphia are sustained, and distribution is made as follows:

| | | |
|---|---|---:|
| Amount for distribution, . . . . | | $6,881.55 |
| Expense of audit; advertising, . . | $ 5.00 | |
| Clerk O. C., . . . . . . | 10.00 | |
| Auditor and type writing, . . . | 150.00 | |
| Trustee accountant for overdraft and int., | 698.75 | 863.75 |

$6,017.80

To the hospital of the Protestant Episcopal Church
in Philadelphia, or Montg. Evans, Atty.,    $6,017.80

*Error assigned* was above decree.

*N. H. Larzelere, B. P. Chain* and *Irvin P. Knipe*, with him, for appellants.—A bequest of the residue, or remainder of personal estate, or words of similar import, gives to the legatee everything which may accrue by accident or contingency, and which may not appear to be specifically disposed of: Nyce's Est., 5 W. & S. 254.

The question in expounding a "will, is not what testator meant, but what is the meaning of his words:" Hancock's App., 112 Pa. 532; Reck's App., 78 Pa. 432; Middleswarth v. Blackmore, 74 Pa. 414.

*Montgomery Evans, Joseph B. Townsend* and *Louis M. Childs* with him, for appellee.—The rise in the value of trust investments, like a rise in the value of lands held in trust, has always been regarded as an accretion of the principal, and, therefore, belonging to the remainder-man: Schofield v. Mackinlay, 32 L. J. Ch. 627.

PER CURIAM, February 17, 1896 :

Nothing can be profitably added to what has been said by the learned judge of the orphans' court in this case.  On his opinion, the decree is affirmed and the appeal dismissed, with costs to be paid by the appellants.