GAY ET AL. *v.* KERNAN HOSPITAL FOR CRIPPLED CHILDREN ET AL.

[No. 17, September Term, 1962.]

*Decided October 17, 1962.*

The cause was argued before the full Court.

*Thomas F. Comber,* 3rd, with whom were *Wm. Pepper Constable* and *Constable, Alexander & Daneker* on the brief, for the appellants.

*David Ross,* with whom were *J. Rieman McIntosh* and *Ober, Williams, Grimes & Stinson* on the brief, for the Kernan Hospital for Crippled Children, one of the appellees.

Submitted on brief by *William B. Evans* for the Union Hospital, the other appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal, by the heirs of residuary legatees under the will of Lizzie E. Woolley, challenges the correctness of a decree directing the Trustee under item 3 of her will to pay over the entire principal or corpus of the trust, together with all income accrued thereon subsequent to the death of the life

tenant, to the two hospitals named therein as remaindermen, in equal shares. Income accrued prior to her death was accounted for to the estate of the life tenant.

Item 3 of the will bequeathed to the trustee "the sum of Ten Thousand Dollars ($10,000.00) in Trust, nevertheless, for the following uses and purposes, that is to say, In Trust to Invest the said sum of Ten Thousand Dollars in its name as Trustee, and after taking thereout all necessary and proper charges, to pay the net income received therefrom as and when the same may be got in and received, unto Annie M. Hayes for and during the term of her natural life, and from and after the death of the said Annie M. Hayes in Further Trust to pay Five Thousand Dollars of the principal sum to the 'Kernan Hospital for Crippled Children' of Baltimore, Maryland; said bequest being in memory of Linda Bennett Woolley. And in Further Trust to pay the sum of Five Thousand Dollars of said principal sum to the 'Union Hospital' of Elkton, Maryland; said bequest of Five Thousand Dollars being in memory of George Noble Bennett. In the investment of this said sum of Ten Thousand Dollars, I give my said Trustee - - - full discretion as to the character and kind of investment it shall make."

The will, composed of 24 items, contained a large number of cash bequests, and the devise of real estate, to various relatives, friends and charities. Item 4 contained a bequest of $10,000.00, in trust, with a distribution in remainder of 2, 3 and 5 thousand dollars respectively. We are informed that this trust fund decreased in value and the remainders abated proportionately, although the matter is not before us in this proceeding. The trust fund in item 3 increased in value to $18,-000.00. The will provided, in regard to the first four items, that all inheritance taxes should be paid out of the estate, and that these legacies should not be subject to abatement with other legacies, in case of a deficiency in the estate. On its face the will disposed of the entire estate. Item 23 contained a residuary clause in favor of two cousins, both of whom survived the testatrix, but not the life tenant under item 3.

The case presents a narrow question of construction. It is conceded that the remainders under item 3 were vested, and

that, as against the life tenant, the remaindermen are entitled to the increase in value of the securities held, and to the income accruing subsequent to the death of the life tenant. See *Rosenburg v. Lombardi*, 222 Md. 346, 349, and *Caughy v. Safe Deposit & Trust Co.*, 196 Md. 252, 258. See also note 76 A.L.R. 2d. 162. The appellants contend, however, that the remaindermen are limited by the precise terms of the will to the cash amounts named in item 3, and that the balance should be distributed under the residuary clause. They argue that the use of the figures $5,000 is so clear and unambiguous as to admit of no construction.

Both parties rely upon the rules of construction set out in *Hebden v. Keim*, 196 Md. 45, 51, but they disagree as to which of them is applicable. It has been held that a bequest in remainder of a "principal sum" includes the increment thereon. *In re Houston's Will*, 165 Atl. 132 (Del. Ch.). And the cases almost uniformly hold that the mere use of figures instead of fractions, in dealing with a cash bequest in remainder, does not import a limitation on the quantum of the estate in remainder, or effect a gift over of the excess in favor of the residuary estate. This is particularly true where, as here, the initial fund was stated as a cash sum, and periodic investment and reinvestment was clearly within the contemplation of the testatrix. Among the cases that support these views, see *In re Cruddas* L.R. (1900) 1 Ch. 730, 732; *Busch v. Plews*, 96 A. 2d. 761, 763 (N. J.); *In re Boyer's Estate*, 34 Atl. 239 (Pa.); *In re Low's Will*, 250 N. Y. S. 192, aff. 178 N. E. 817; *In re Ottenberg's Estate*, 67 N. Y. S. 2d. 589; *In re Mead's Estate*, 277 N. W. 694 (Wis.). Cf. *Sykes v. Van Bibber*, 88 Md. 98, 107. The case of *Smith v. Mercantile Trust Co.*, 199 Md. 264, relied on by the appellants, involved surplus income which was admittedly undisposed of by the codicil in question. It is not in point here.

We think it is to be inferred from the context and scheme of the will in the instant case that the testatrix had in mind fractional parts of the whole fund that was set aside for the benefit of the life tenant and remaindermen. Under the circumstances, we agree with the chancellor below that accretions

in the fund, and income accruing subsequent to the death of the life tenant, belong to the remaindermen and not to the heirs of the residuary legatees.

*Decree affirmed, costs to be paid out of the trust estate.*